UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALMA ROSALES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF HEALTH AND WELFARE, RUSSELL BARRON, Director of the Idaho Department of Health and Welfare, MATT WIMMER, Medicaid Administrator, and MOLINA HEALTHCARE,<br><br>　　　　Defendants. | Case No. 1:19-cv-00426-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Alma Rosales' Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. §1915, the Court must review Rosales' request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because she is filing to proceed in forma pauperis, the Court must also undertake an initial review of Rosales' Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court will GRANT Rosales' application to

proceed in forma pauperis and will allow her to pay the filing fee over time. Further, the Court finds Rosales' Complaint legally sufficient to survive initial review.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that she is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks and citation omitted).

The Court has examined Rosales' application to proceed in forma pauperis and finds it does not conclusively establish her indigence. Rosales lists her monthly income as $1,338, which is the sum of the $1,221 she receives in social security disability benefits and the $117 she receives in food stamps. Rosales' monthly expenses, which she lists at $1,707, exceed her monthly income, yet she does not explain how she accounts for this difference of nearly $500. Further, there is some ambiguity when it comes to her assets. Rosales lists her house as an asset she owns worth $142,000, yet she states that she pays $800 a month towards rent or a mortgage on that house. The Court is uncertain whether

Rosales has $142,000 in equity in the house or she has no equity and is instead renting a property worth $142,000, or if the answer lies with some other interpretation. Based upon this ambiguity, the Court is unable to make an informed decision as to Rosales' application to proceed in forma pauperis.

However, Rosales' Complaint—as well as her motion for a Temporary Restraining Order—state that the Idaho Department of Human Welfare ("IDHW") and Molina Healthcare have recently denied her Medicaid/Medicare benefits and have also lowered her food stamp budget.[1] If these allegations are true, then Rosales' income would be lower, likely making it very difficult for her to meet her basic needs and pay the filing fee for this case.

For these reasons, the Court finds Rosales has not sufficiently proved her indigence under 28 U.S.C. §1915 and may not proceed without the prepayment of the requisite filing fees. That said, the Court will allow Rosales to pay this fee over time to reduce any financial burden. Rosales must pay the fee in $50 monthly installments.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is

---

[1] Rosales lists her food stamp benefits as $117 on her application. Dkt. 1. She explains that this is the lowered amount she is now receiving. In Rosales' Complaint, she is inconsistent with the amount she was receiving before IDHW lowered the amount to $117. Rosales states that she was receiving $121 before the changes (Dkt. 2, at 5) and that she was receiving $193 before the changes (*Id.*, at 8).

MEMORANDUM DECISION AND ORDER - 3

immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Here, the Complaint states that IDHW lowered Rosales' food stamp benefits due to a change in Rosales' expenses, but Rosales alleges that she never reported to IDHW any such changes because her expenses in fact never changed. IDHW followed up by stating that the federal guidelines for food stamps were changing, which is presumably why IDHW lowered Rosales' food stamp benefits, though it does not explain why it originally cited her expenses as the cause of change of Rosales' benefits.

A bit confused, Rosales elected to utilize the IDHW's "fair hearing" process, which generally allows a recipient to challenge an IDHW decision. Though Rosales requested a fair hearing numerous times over the course of a few months, one was never set.[2] Even if one had been, though, Rosales alleges that these fair hearings would not be impartial

---

[2] Further, as of the date of this decision, the Court is unsure whether a fair hearing has been set.

because the hearing officers consist of lawyers from the Attorney General's office who would naturally be biased towards the State of Idaho.

In addition to the food stamp benefits issues, the Complaint further alleges that Rosales was denied Medicaid/Medicare coverage. Rosales states that she received Medicaid benefits under the Age and Disabled Waiver Program from January 2017 to September 2019. Rosales alleges that on September 6, 2019, a Molina Healthcare nurse came to her home and conducted a nursing assessment.[3] During this visit, Rosales claims that the Molina Healthcare nurse told her that IDHW had no record of her in their Medicaid/Medicare system and asked if Rosales could verify that she was in fact a part of IDHW's Age and Disabled Waiver program. According to the Complaint, that same day Molina Healthcare sent Rosales a letter stating they were disenrolling her from its Medicare/Medicaid plan because "she [did] not have a qualifying level of Medicaid." Dkt. 2, at 7. This came as a shock to Rosales who claims that Molina Healthcare had previously represented to her that once a person was made eligible for Medicaid services, IDHW could not deny Medicaid or waiver benefits.

The Supreme Court has held that the Constitution provides protections for those receiving public assistance benefits, particularly when it involves the termination of such benefits. *Goldberg v. Kelly*, 397 U.S. 254, 261–62 (1970). The Complaint here clearly

---

[3] Rosales alleges that in January 2019 IDHW elected to have Molina Healthcare and Blue Cross of Idaho cover Idaho's Medicaid recipients. Consequently, the nurse was from Molina Healthcare rather than a IDHW employee.

states a claim under this premise and is factually supported. Thus, the Complaint passes the Court's initial review under 28 U.S.C. § 1915.

## IV. CONCLUSION

Rosales' application to proceed in forma pauperis does not establish her indigency. Due to the interplay between her financial situation and the information contained in her Complaint, however, the Court will allow Rosales to pay the filing fee over time. Rosales must pay $50 a month towards the filing fee. Additionally, Rosales' Complaint is legally sufficient and this case may proceed.

## V. ORDER

1. Rosales' Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is GRANTED as stated herein. Rosales need not prepay the fee *in full*; however, Rosales must pay $50.00 per month to the Clerk of Court, on or before the last day of each month, until the filing fee is paid in full. Failure, at any time, to comply with this payment schedule may result in dismissal of this case without further notice. The first payment is due on the last day of December 2019. The Court will allow her to file and serve the Complaint before this payment is received.

2. After an initial review of the Complaint, the Court will allow Rosales to proceed with her claims against Defendants.

3. Rosales may proceed with service of the Summons of her Complaint in accordance with applicable procedures.[4]

DATED: December 3, 2019

David C. Nye
Chief U.S. District Court Judge

---

[4] The Court advises Rosales that she is subject to the same rules of procedure as parties represented by counsel. *See United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984). Rosales may obtain additional information about how to proceed as a self-represented party, as well as copies of the Federal Rules of Civil Procedure and the District of Idaho Local Civil Rules, on the Court's website: http://www.id.uscourts.gov/district/forms_fees_rules/Civil_Rules.cfm.