UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALMA ROSALES,<br><br>　　Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF HEALTH AND WELFARE, RUSSELL BARRON, Director of the Idaho Department of Health and Welfare, MATT WIMMER, Medicaid Administrator, and MOLINA HEALTHCARE,<br><br>　　Defendants. | Case No. 1:19-cv-00426-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Alma Rosales' Motion to Appoint Pro Bono Counsel (Dkt. 3) and Motion for Reconsideration (Dkt. 10). As none of the defendants have been served, there are no responses to these motions. Based on the following, the Court finds good cause to DENY both motions.

## II. BACKGROUND

Rosales filed her Complaint on November 4, 2019, alleging that the Idaho Department of Health and Welfare ("IDHW") unlawfully lowered her food stamps and ended her Medicaid/Medicare coverage. Specifically, Rosales states that IDHW lowered her food stamp benefits based on a change in her expenses, but Rosales alleges that her expenses never changed and she never reported any expense changes to IDHW. After

communicating with IDHW about her concerns, IDHW informed Rosales that the federal guidelines for food stamps were changing, which is presumably why IDHW lowered Rosales' food stamp benefits, though it does not explain why it originally cited her expenses as the cause of change of Rosales' benefits.

Rosales elected to utilize the IDHW's "fair hearing" process, which generally allows a recipient to challenge an IDHW decision. Though Rosales requested a fair hearing numerous times over the course of a few months, one was never set.[1] Even if one had been set, however, Rosales alleges that such hearings would not have been impartial because the hearing officers consist of lawyers from the Attorney General's office, and these attorneys would naturally be biased in favor of the State of Idaho.

Rosales further claims that she received Medicaid benefits under the Age and Disabled Waiver Program from January 2017 to September 2019. Rosales alleges that on September 6, 2019, a Molina Healthcare nurse came to her home and conducted a nursing assessment.[2] During this visit, Rosales claims that the Molina Healthcare nurse told her that IDHW had no record of her in their Medicaid/Medicare system and asked if Rosales could verify that she was in fact a part of IDHW's Age and Disabled Waiver program. According to the Complaint, that same day Molina Healthcare sent Rosales a letter stating they were disenrolling her from its Medicare/Medicaid plan because "she [did] not have a qualifying level of Medicaid." Dkt. 2, at 7. This came as a shock to Rosales, who claims

---

[1] As of the date of this decision, the Court is unsure whether a fair hearing has been set.

[2] Rosales alleges that in January 2019, IDHW elected to have Molina Healthcare and Blue Cross of Idaho cover Idaho's Medicaid recipients. Consequently, the nurse was from Molina Healthcare rather than an IDHW employee.

that Molina Healthcare had previously represented to her that once a person was eligible for Medicaid services, IDHW could not deny Medicaid or waiver benefits.

Along with the Complaint, Rosales filed an Application for Leave to Proceed In Forma Pauperis (Dkt. 1) The Court granted that motion, allowing Rosales to pay the filing fee in $50 increments over time. Dkt. 7. The Court also conducted an initial review of Rosales' Complaint and found that her pleadings met the low threshold required by 28 U.S.C. § 1915 and allowed her to proceed. *Id.* Rosales now seeks reconsideration of the Court's requirement that she pay the filing fee at all.

### III. DISCUSSION

**A. Motion to Reconsider**

*1. Legal Standard*

It is true that "neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider." *Magnus Pac. Corp. v. Advanced Explosives Demolition, Inc.*, 2014 WL 3533622, at *1 (D. Idaho July 15, 2014). Nevertheless, the Ninth Circuit has instructed that courts should treat motions to reconsider "as motions to alter or amend under Federal Rule of Civil Procedure 59(e)." *Id*. (citing *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984)). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Accordingly, a district court should only grant a motion for reconsideration if (1) it "is presented with

newly discovered evidence," (2) it "committed clear error," or (3) "there is an intervening change in the controlling law." *Id*. (citation omitted). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id*. "Whether or not to grant reconsideration is committed to the sound discretion of the court." *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

2. *Analysis*

As an initial matter, Rosales' Motion for Reconsideration does not allege newly discovered evidence, any Court error, or an intervening change in controlling law. *See Carroll*, 342 F.3d at 945. Instead, Rosales argues that the Court's decision to grant her in forma pauperis application is vague. Specifically, Rosales does not understand why or how the Court granted her in forma pauperis application yet is still requiring her to pay the filing fee, albeit over time. It appears that Rosales is under the impression that an in forma pauperis status is all or nothing; either the filing fee must be prepaid before an action may commence or the filing fee is waived in its entirety. As such, the Court will construe Rosales' motion as a request to waive her fees in their entirety.

The Court may "authorize the commencement . . . of any suit . . . without prepayment of fees or security" if a "person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915. Such authorization is "left to the sound discretion of the trial court and [is] granted only in exceptional circumstances where the movant has made the requisite showing." *Tetzner v. Hazel*, 2018 WL 3945378, at *1 (D. Idaho August 15, 2018).

Substantively, Rosales lists additional expenses she has incurred allegedly due to her loss of Medicaid/Medicare coverage, based on the facts alleged in her Complaint. While this information affirms the Court's previous analysis—that Rosales is experiencing financial difficulty—it does not convince the Court that Rosales cannot pay any portion of the fee. As such, the Court DENIES Rosales' Motion for Reconsideration.

However, noting Rosales' *pro se* status, the Court will take this opportunity to clarify its initial decision. Generally, a plaintiff must prepay a filing fee before her action may commence. Section 1915 provides an exception to this rule, which the Court has found Rosales qualifies for. This exception does not state that a court must waive filing fees completely, but states that a court may authorize the commencement of a lawsuit without *prepayment* of the requisite fees. *See* 28 U.S.C. § 1915. (emphasis added). This is exactly what the Court has allowed for Rosales. Rosales need not pay the filing fee in its entirety before this action may commence, but may pay the fee over time in accordance with the Court's payment plan.[3]

Additionally, in harmony with its initial decision, the Court will initiate service of process on the defendants. *Id.* at § 1915(d) ("The officers of the court shall issue and serve all process [when in forma pauperis is granted]."); *see also* Fed. R. Civ. Pro. 4(c)(3) (stating that "at the plaintiff's request" the court must order service be made by a court officer).[4] Rosales must provide the Court with the physical addresses where its officers may

---

[3] Rosales is to submit $50 monthly payments on or before the last day of each month, beginning on the last day of December 2019. Dkt. 7, at 6.

[4] Though Rosales does not explicitly move the Court to do so, she does cite to 28 U.S.C. § 1915(d) in her briefing. As Rosales is proceeding *pro se*, the Court construes this citation as a request under Rule 4(c)(3).

effectuate service upon each defendant. Once the Court receives the addresses, it will issue and serve process.

**B. Motion to Appoint Pro Bono Attorney**

   *1. Legal Standard*

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the Court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Even if the Court finds that exceptional circumstances exist, it does not have the authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e). *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, the Court can merely "request" that an attorney represent the individual, and the attorney must then voluntarily accept the assignment. *Id*. The Court has no funds to pay for attorneys' fees in civil matters such as this one. Therefore, it can be difficult to find attorneys willing to work on a case without payment.

*2. Analysis*

Here, Rosales believes that she enjoys a likelihood of success because, in her opinion, her claims are very similar to the seemingly successful claims in a class action suit against IDHW currently before Judge Winmill.[5] Rosales alleges the same violations that the class of plaintiffs have alleged in Judge Winmill's case: IDHW violated her due process rights when it denied her welfare benefits without proper notice. However, it is difficult to determine Rosales' likelihood of success at this time. First, none of the defendants have appeared, making it problematic for the Court to determine what defense or argument the defendants will rely on. Additionally, a review of Judge Winmill's case shows that IDHW remedied their insufficient notice issues back in January 2017, and so presumably the notice Rosales received in this case includes the language that Judge Winmill held did not violate due process.[6] All in all, at this time the Court is without sufficient information to make a decision on Rosales' likelihood of success on the merits.

Rosales further believes that the complexity of the legal issues warrants the Court appointing her counsel. For support, Rosales again cites to Judge Winmill's case, arguing that if the claims in that case—which she believes are quite similar to her claims—are so complex that the case has been ongoing for almost eight years and includes a host of attorneys, then her claims must be just as complex. Further, Rosales is very limited in her ability to speak English and has been relying on her son to help her draft any documents.

---

[5] *K.W. et al v. Armstrong et al,* Case No. 1:12-cv-00022-BLW.

[6] The notices Rosales has included as exhibits in various briefs are in Spanish, making a comparison to the notices in Judge Winmill's case difficult.

Because her son cannot represent her in court, Rosales believes that this is an additional factor that calls for the Court appointing her counsel.

From the Court's perspective, neither of these arguments provide the "exceptional circumstances" that would compel the Court to request counsel for Rosales. An individual who neither speaks nor understands English is not novel; the Court is well equipped with translators who may assist Rosales should the need arise. As far as the comparison to Judge Winmill's case, insofar as Rosales' claims are in fact identical to the ones made in that case, then many of her legal arguments have already been argued and ruled upon and are thus not as new or complex. Additionally, so far Rosales has proven herself capable of pursuing her claims as a pro se plaintiff. She successfully filed her Complaint—which the Court approved in its 28 U.S.C. § 1915 review (Dkt. 7)—and has made coherent, well-founded arguments throughout her briefing.

Accordingly, Rosales has failed to show that exceptional circumstances exist that necessitate the appointment of counsel at this stage in the case. The Court therefore DENIES her motion. If it seems appropriate at a later date, the Court may reconsider appointing counsel.

## IV. CONCLUSION

Rosales failed to provide legally sufficient support for her Motion for Reconsideration. However, the Court will order its officers to serve process in this case, in line with its previous order. Additionally, Rosales has not shown that her case involves the exceptional circumstances that would warrant the Court requesting pro bono services on her behalf.

# V. ORDER

**IT IS HEREBY ORDERED THAT:**

1. Rosales' Motion for Reconsideration (Dkt. 10) is DENIED.

2. Rosales' Motion for Appointment of Pro Bono Counsel (Dkt. 3) is DENIED WITHOUT PREJUDICE.

3. Rosales shall file, within ten (10) days of her receipt of this Order, a physical address for each of the defendants. Upon receipt of the physical addresses, the Clerk of the Court shall deliver to the U.S. Marshals Service a Summons, a copy of the Complaint (Dkt. 2), and a copy of this Order, so the Marshals may effect service of process upon the defendants.

4. The U.S. Marshals Service shall serve process on the defendants in accordance with Federal Rule of Civil Procedure 4 and accomplish service on or before April 6, 2020.

DATED: January 7, 2020

David C. Nye
Chief U.S. District Court Judge