UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALMA ROSALES,<br><br>    Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF HEALTH AND WELFARE, RUSSELL BARRON, Director of the Idaho Department of Health and Welfare, MATT WIMMER, Medicaid Administrator, and MOLINA HEALTHCARE,<br><br>    Defendants. | Case No. 1:19-cv-00426-DCN<br><br>**ORDER** |

## I. DISCUSSION

Pending before the Court is Plaintiff Alma Rosales' Motion for Default Judgment. Dkt. 22. Based on informal communications with the Court, a letter attached to Rosales' motion (Dkt. 22-1), and the signature on Rosales' recent filings (Dkts. 22, 23), it appears that Rosales' son, Raul Mendez, is attempting to represent his mother in these proceedings. Mendez has been assisting Rosales with her suit up to this point, but now both mother and son now feel that Rosales' health has deteriorated to a point where Mendez can and should represent her.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." 28 U.S.C. § 1654. "It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend

ORDER - 1

to other parties or entities. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). "[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Id.* (collecting cases). Indeed, the Ninth Circuit has specifically held that a non-lawyer "has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987).

Here, Rosales has written a letter, giving Mendez permission to represent her and pursue her claims on her behalf. Dkt. 22-1. However well-intentioned Mendez is, and despite Rosales' health, this letter cannot supersede the rule that a non-lawyer cannot represent another. *See Gordon v. Williams*, 2010 WL 2557213, at *2–3 (C.D. Cal. May 6, 2010) (finding that a non-lawyer son could not represent his elderly mother in her claims relating to the deprivation of medical treatment). Rosales may represent herself or may seek a lawyer authorized to practice law in this district to represent her, but her son Mendez may not do so.

As such, any filings signed by Mendez on behalf of his mother are hereby stricken. This includes Rosales' Motion for Default Judgment and its attachments (Dkt. 22), as well as Rosales' Opposition to Idaho Department of Health and Welfare's Motion for Extension of Time (Dkt. 23).[1] The Court cautions both Rosales and Mendez that it will not allow Mendez to represent Rosales, nor will it accept any filings made by Mendez on Rosales' behalf.

---

[1] This decision does not address the substance of either of these filings.

## II. ORDER

**IT IS HEREBY ORDERED THAT:**

1. Rosales' Motion for Default Judgment, along with its attachments (Dkt. 22), as well as Rosales' Opposition to Idaho Department of Health and Welfare's Motion for Extension of Time (Dkt. 23), are STRICKEN from the record.

2. Mendez may not represent Rosales in these proceedings unless and until he can show that he is authorized to practice law in this district.

DATED: March 23, 2020

David C. Nye
Chief U.S. District Court Judge