UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALMA ROSALES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF HEALTH AND WELFARE, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00426-DCN<br><br>**MEMORANDUM DECISION AND ORDER:**<br><br>**IDAHO DEPARTMENT OF HEALTH AND WELFARE DEFENDANTS' MOTION TO SEAL (DKT. 35)** |

## I. INTRODUCTION

Pending before the Court is Defendant Idaho Department of Health and Welfare's ("IDHW") Motion to Seal. Dkt. 35. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to DENY IDHW's motion.

## II. BACKGROUND

On April 23, 2020, IDHW filed Exhibit A (Dkt. 34) to its Memorandum in Support of the Motion for an Extension of Time (Dkt. 33). The same day it filed the pending Motion to Seal Exhibit A on the grounds that "the Court has previously sealed such notices." Dkt. 35, at 1. Plaintiff Alma Rosales did not respond to IDHW's Motion to Seal.

MEMORANDUM DECISION AND ORDER - 1

### III. LEGAL STANDARD

Court proceedings and records are generally open to the public. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Assoc. Press v. U.S. Dist. Court for Cent. Dist. of California*, 705 F.2d 1143, 1145 (9th Cir. 1983) ("We thus find that the public and press have a first amendment right of access to pretrial documents in general."). This right of access is "grounded in the First Amendment and in common law." *CBS, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 765 F.2d 823, 825 (9th Cir. 1985) (citing *Assoc. Press*, 705 F.2d at 1145). Such a general rule for access applies in civil cases. *See, e.g.*, *Gannett Co. v. DePasquale*, 443 U.S. 368, 386 n.15 (1979).

Typically, two standards govern motions to seal documents: a "compelling reasons" standard, which applies to documents attached to dispositive motions, and a "good cause" standard, which applies to documents attached to non-dispositive motions. *Simmons v. Battelle Energy All., LLC*, No. 4:14-cv-294-BLW, 2016 WL 3552182, at *3 (D. Idaho June 23, 2016) (citing *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2016). *But see Ctr. for Auto Safety v. Chrysler Group, LLC.*, 809 F.3d 1092, 1101 (9th Cir. 2016) (holding that motions that are technically non-dispositive may still require the party to meet the "compelling reasons" standard when the motion is more than tangentially related to the merits of the case).

Records attached to non-dispositive motions are not subject to the strong presumption of access that records attached to motions more than tangentially related to the merits of the case are. *Kamakana*, 447 F.3d at 1179; *see also Pintos*, 605 F.3d at 678–

79. Because the documents attached to non-dispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," a party moving to seal need only meet the lower "good cause" standard of Federal Rule of Civil Procedure 26(c).[1] *Kamakana*, 447 F.3d at 1179 (internal quotation marks and citation omitted). The relevant standard for purposes of Rule 26(c) is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (citation omitted).

## IV. DISCUSSION

The record IDHW seeks to seal was attached to a motion for extension of time to file an answer, a non-dispositive motion that is not more than tangentially related to the merits of the case. Thus, this Court will apply the "good cause" standard to IDHW's Motion to Seal Exhibit A. Dkt. 35.

IDHW simply argues that Exhibit A should be sealed because it "is a food stamps notice, and the Court has previously sealed such notices." Dkt. 35, at 1. IDHW referred the Court to attachment 2-4 (Dkt. 2), which is also a food stamps notice filed by Rosales on November 4, 2019. IDHW offers no other argument or legal authority to support its motion.

---

[1] Under Rule 26(c):

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c).

MEMORANDUM DECISION AND ORDER - 3

After careful review of IDHW's Motion to Seal (Dkt. 35) and the food stamps notices (Dkts. 2-4, 34), the Court finds that IDHW has not met its burden to show that good cause exists to protect Exhibit A from being disclosed to the public. The food stamps notice IDHW refers to (Dkt. 2-4) was preemptively sealed by the Court because Rosales indicated to the Court she would file a motion to seal the Complaint (Dkt. 41); however, a motion to seal was never filed, and thus Rosales never met her burden to justify sealing the judicial records (Dkt. 42).[2] The Court unsealed the Complaint and its accompanying exhibits on May 26, 2020. Dkt. 42.

Even if Rosales filed a motion to seal the Complaint sufficient to overcome the presumption of public access to court records, IDHW has not articulated in its Motion to Seal a "good cause" that would justify protecting the information from being disclosed to the public, nor has it demonstrated its request properly balances the need for discovery against the need for confidentiality. IDHW has also not cited any caselaw or other legal authority that would allow this Court to justify granting its Motion to Seal based solely on the notion that a prior sealing of a similar document has occurred. The Court denies IDHW's Motion to Seal without prejudice.

## V. ORDER

IT IS HEREBY ORDERED:

1. Defendant IDHW's Motion to Seal (Dkt. 35) is DENIED without prejudice.

---

[2] In sealing the Complaint (Dkt. 2), the Court was acting *sua sponte* under the Federal Rule of Civil Procedure 5.2(d). On May 20, 2020, the Court ordered Rosales file a motion to seal by June 3, 2020. Dkt. 41. Rosales emailed the Court May 25, 2020, stating she did not intend to file a motion to seal. Dkt. 42.

MEMORANDUM DECISION AND ORDER - 4

2. IDHW has fourteen days to file an amended Motion to Seal; otherwise, the Court will unseal Docket 34.

DATED: June 1, 2020

_____
David C. Nye
Chief U.S. District Court Judge