UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALMA ROSALES,<br><br>  Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF HEALTH AND WELFARE, et al.,<br><br>  Defendants. | Case No. 1:19-cv-00426-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

### I.  INTRODUCTION

Pending before the Court is Plaintiff Alma Rosales' Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 4); Rosales' Second Motion for Appointment of Pro Bono Counsel (Dkt. 46); the Idaho Department of Health and Welfare's ("Department") Motion to Dismiss (Dkt. 47); and Molina Healthcare of Utah, Inc. d/b/a Molina Healthcare of Idaho, Inc.'s ("Molina Healthcare") Motion to Dismiss (Dkt. 49).

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES Rosales' Second Motion for Appointment of Pro Bono Counsel, DISMISSES the Complaint without prejudice and DISMISSES the other motions as MOOT.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On November 4, 2019, Rosales filed her Complaint. Dkt. 2.

On November 4, 2019, Rosales filed her Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. 4.

On March 23, 2020, the Court stated in its Order that "[b]ased on informal communications with the Court, a letter attached to Rosales' motion (Dkt. 22-1), and the signature on Rosales' recent filings (Dkts. 22, 23), it appears that Rosales' son, Raul Mendez, is attempting to represent his mother in these proceedings." Dkt. 26, at 1. The Court then held:

> However well-intentioned Mendez is, and despite Rosales' health, this letter cannot supersede the rule that a non-lawyer cannot represent another. *See Gordon v. Williams*, 2010 WL 2557213, at *2–3 (C.D. Cal. May 6, 2010) (finding that a non-lawyer son could not represent his elderly mother in her claims relating to the deprivation of medical treatment). Rosales may represent herself or may seek a lawyer authorized to practice law in this district to represent her, but her son Mendez may not do so. . . . The Court cautions both Rosales and Mendez that it will not allow Mendez to represent Rosales, nor will it accept any filings made by Mendez on Rosales' behalf.

*Id*. at 2.

On May 28, 2020, "Rosales" filed her second motion for appointment of pro bono counsel. Dkt. 46.

On May 29, 2020, the Idaho Department of Health and Welfare filed a motion to dismiss. Dkt. 47. The same day, Molina Healthcare of Utah, Inc. d/b/a Molina Healthcare of Idaho, Inc. filed its motion to dismiss. Dkt. 49.

## III. Discussion

Parties have the right to plead and conduct their own cases personally in federal

court. *See* 18 U.S.C. § 1654 (providing that, in federal court, "parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein"). However, the Ninth Circuit has held that, because § 1654 authorizes nonlawyers to conduct "their own cases personally," they have no authority to appear on behalf of others. *See Simon v. Hartford Life, Inc.* 546 F.3d 661, 664–65 (9th Cir. 2008) ("The privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities."). Rather, "in an action brought by a *pro se* litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced.'" *Id*. at 664 (quoting *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987)).

In applying this principle, the Ninth Circuit has held "that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer," as "whether a parent can bring a *pro se* lawsuit on behalf of a minor falls squarely within the ambit of the principles that militate against allowing non-lawyers to represent others in court[.]" *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (internal quotation marks and citation omitted). The *Johns* court reasoned that "it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Id*. at 876–77 (internal quotation marks and citation omitted).

Similarly, the Central District of California held that a non-attorney son could not represent his elderly mother in her claims relating to the deprivation of medical treatment, because the son was not the real party of interest. Even if the non-attorney son was the

elderly mother's legal guardian, "a nonattorney [sic] parent or guardian cannot bring a lawsuit or defend an action in federal court on behalf of a minor or incompetent without retaining a lawyer." *Gordon v. Williams*, No. SACV 10-00359-VAPMLG, 2010 WL 2557213, at *2 (C.D. Cal. May 6, 2010), *report and recommendation adopted*, No. SACV10-0359VAP MLG, 2010 WL 2495995 (C.D. Cal. June 17, 2010) (citing *Johns,* 114 F.3d 874 at 876).

In Plaintiff's Second Motion for Appointment of Pro Bono Counsel, "Rosales" writes "Rosales [sic] son has clearly put the Court on notice regarding the fact that [Mendez] has been writing the pleadings on her behalf and she has been signing them after being told to do so by the Clerk's office." Dkt. 46, at 5. "Rosales," (aka Mendez) goes on to declare, "It is inaccurate for the court [sic] to state that Rosales has made coherent and well founded arguments on her pleadings when her son has stated on several pleadings that he has been writing them because she is not capable to do so [sic]." *Id*. at 5–6. "Rosales is not appearing pro se because she is incapable of doing so." *Id*. at 6. "Rosales" proceeds to state, "The party signing the pleadings under FRCP 11 [sic] attests that they understand the contents of what they submit to the court. However, Rosales clearly has been signing pleadings that she does not understand for both disabilities and language barrier." *Id.*

Mendez's explicit representation that he is filing pleadings on his mother's behalf (the real party in interest in this case) in which his mother both unknowingly perjures herself and is ignorant to how her interests are being represented is deeply troubling to the Court. Where Rosales has claims that require adjudication, she is entitled to represent herself or, if she is incompetent, retain legal assistance so her rights may be fully protected.

MEMORANDUM DECISION AND ORDER - 4

In neither instance can Mendez, a non-attorney, bring a lawsuit in court on his mother's behalf.[1]

Accordingly, the Complaint must be dismissed because Mendez may not bring a *pro se* action on behalf of his mother. The Court will dismiss the Complaint without prejudice so that Rosales may bring this action either on her own or with a lawyer to represent her interests. Relatedly, the Court denies Rosales' Second Motion for Appointment of Pro Bono Counsel, as Mendez is bringing the motion on behalf of his mother.

Consequently, Rosales' Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 4), the Department's Motion to Dismiss (Dkt. 47), and Molina Healthcare's Motion to Dismiss (Dkt. 49) are all DISMISSED as MOOT.

///

///

---

[1] At times a *pro se* party might seek assistance with his or her case from a family member, friend, or free legal service/clinic. *See e.g.*, *Howard v. New York State Div. of Parole*, No. 15CV5317DLISJB, 2018 WL 4636951, at *4 (E.D.N.Y. Sept. 26, 2018) (directing *pro se* plaintiff to consult with the staff at the Federal Pro Se Clinic for assistance in filing an amended complaint); *Rahmaan v. Cmty. Dev. Comm'n of the Cty. of Los Angeles*, No. CV 16-08274-DDP-RAO, 2017 WL 10562664, at *8 (C.D. Cal. Feb. 9, 2017) (encouraging plaintiff to seek assistance from the *pro se* clinic within the district); *Karapetyan v. Curry*, No. CIVS072261FCDDADP, 2007 WL 4357542, at *1 (E.D. Cal. Dec. 11, 2007) (petitioner who could neither read nor write in English sought assistance of a friend to help with his state habeas petitions, but the petitioner himself reviewed the briefs, spoke with multiple people, and then independently filed a petition). So long as the party in interest retains control and authority over his or her case, limited-scope assistance is permitted. However, that is not the case here. Mendez has affirmatively stated he is "representing" his mother and that she does not know, does not understand, and/or is unaware of the actions he is taking on her behalf. This is a far cry from a *pro se* plaintiff obtaining limited-scope aid where the plaintiff still retains control and authority over his or her case. Mendez here is *acting* as an attorney which is clearly prohibited by the rules.

MEMORANDUM DECISION AND ORDER - 5

## IV. ORDER

IT IS HEREBY ORDERED:

1. Plaintiff's Complaint (Dkt. 2) is DISMISSED without prejudice.

2. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 4) is DISMISSED as MOOT.

3. Plaintiff's Second Motion for Appointment of Pro Bono Counsel (Dkt. 46) is DENIED.

4. Defendant Department's Motion to Dismiss (Dkt. 47) is DISMISSED as MOOT.

5. Defendant Molina Healthcare's Motion to Dismiss (Dkt. 49) is DISMISSED as MOOT.

DATED: July 1, 2020

David C. Nye
Chief U.S. District Court Judge